BENTON, Judge,
dissenting.
William Luther Delano Compton was convicted of violating Code § 18.2-115, which reads in pertinent part as follows:
Whenever any person is in possession of any personal property, including motor vehicles or farm products, in any capacity, the title or ownership of which he- has agreed in writing shall be or remain in another, or on which he has given a lien, and such person so in possession shall fraudulently sell, pledge, pawn or remove such property from the premises where it has been agreed that it shall remain, and refuse to disclose the location thereof, or otherwise dispose of the property or fraudulently remove the same from the Commonwealth, without the written consent of the owner or lienor or the person in whom the title is, or, if such writing *758 be a deed of trust, without the written consent of the trustee or beneficiary in such deed of trust, he shall be deemed guilty of the larceny thereof.
Id. (emphasis added).
To prove a violation of the statute, the Commonwealth had to prove that Compton “agreed in writing” that title to the property was to remain with Timberland or that Compton “ha[d] given a lien” on the equipment to Timberland. The evidence proved neither.
The evidence proved Compton Logging, Inc., a Virginia Corporation, entered into a written lease agreement with Timberland. Pursuant to the agreement, Compton Logging, Inc. leased a sawmill and various equipment and other property. Under the agreement, Compton Logging, Inc. had “the right to sell or trade equipment ... [upon] prior written approval of [Timberland] and such approval [could] not be unreasonably withheld.” The agreement further stated that “[u]ntil all of the terms of this lease are complied with each item of leased equipment shall be at all times the sole, exclusive property of [Timberland].” The agreement did not “prohibit the use of the equipment by any manager or managing agent retained by [Compton Logging, Inc.] to manage the premises in which the equipment shall be located.” The agreement was signed on behalf of Compton Logging, Inc. by “Margaret R. Compton, by M.R. Scott, her attorney-in-fact.” Under the signature line was the designation, “President/Vice President.” The corporate seal of Compton Logging, Inc. was attested by “Mary R. Scott,” the corporation’s secretary.
The evidence proved that Margaret R. Compton, the “President/Vice President,” was Compton’s wife. No evidence in this record proved that Compton was an employee, officer, or director of Compton Logging, Inc. In addition, no evidence proved that Compton had the authority to sign the lease, direct that the lease be signed, or approve the execution of the lease. More significant, however, the evidence undisputably proved that Compton did not sign the lease agreement, any *759 writing concerning the title or ownership of the equipment, or any lien regarding the equipment.
Furthermore, no evidence proved that any person that signed the lease fraudulently sold, pledged, pawned or removed the equipment. Indeed, no evidence proved that the corporation engaged in a criminal act.
Acknowledging that “[Compton’s] signature does not appear on the lease,” the majority nonetheless concludes that “each element necessary to the commission of the crime was committed either directly by [Compton] or by the corporation at [Compton’s] direction.” The majority’s exhaustive discussion of criminal liability of corporate agents fails to explain the basis for imposing liability under Code § 18.2-115 when Compton, personally, had not agreed by any writing, an essential element proscribed by the statute, to do the act that the statute specifies.
The legislature has specifically addressed Compton’s conduct in Code § 18.2-118. That statute reads in pertinent part as follows:
(a) Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, except property described in § 18.2-117, and such person so in possession or control shall, with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for his own use, or fraudulently remove the same from the Commonwealth without the written consent of the lessor thereof, or fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.
(b) The fact that such person signs the lease or rental agreement with a name other than his own, or fails to return such property to the lessor thereof within ten days after the giving of written notice to such person that the lease or rental period for such property has expired, shall be prima facie evidence of intent to defraud. For purposes of this section, notice mailed by certified mail and addressed *760 to such person at the address of the lessee stated in the lease, shall be sufficient giving of written notice under this section.
(c) The venue of prosecution under this section shall be the county or city in which such property was leased or in which such accused person last had a legal residence.
Simply put, the Commonwealth prosecuted Compton under the wrong statute. The majority’s decision sanctions and compounds the error.
For these reasons, I dissent and would reverse the conviction.